FILED
SUPERIOR COURT
OF GUAM

2022 SEP -1 PM 5: 17

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| UNISTAR PROPERTY MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>HONG YI TIAN, INC.,<br><br>Defendant. | CIVIL CASE NO.: CV0330-20<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Dismiss* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 8, 2022, for a hearing on Defendant's Motion to Dismiss. Present at the hearing were: Plaintiff's Counsel Michael Flynn, and Defense Counsel Gary Gumataotao. Having considered the arguments, briefs, and the applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss.

## BACKGROUND

This case arises from a Complaint for Damages and for Breach of Contract, which was filed on May 18, 2020. A little over a year later, on May 28, 2021, Defendant filed the instant Motion to Dismiss. Plaintiff filed its Opposition on June 24, 2021. Then on July 7, 2021, Defendant filed his Response to Plaintiff's Opposition. A hearing on the motion was held on July 21, 2021, wherein the Court continued the hearing to October 12, 2021. Plaintiff later filed a Stipulation and Order for Continuance on July 30, 2021, requesting for the Court to reschedule the motion hearing to a date after November 1, 2021. As such, the Court rescheduled the motion hearing for November 5th, 2021.

On September 22, 2021, Plaintiff filed a Motion to Amend the Scheduling Order and Motion to Amend the Complaint, wherein it requested that the Court to amend the scheduling order, to allow for the filing if an Amended Complaint to include a prayer for specific performance. However, on November 23, 2021, Plaintiff filed a Notice of Withdrawal of Motion to Amend the Complaint. Therefore, the Court takes no further action on Plaintiff's motion.

The hearing on the instant Motion to Dismiss was again continued to June 17, 2022, as a result of Defendant's filing of a Stipulation and Order for Continuance on May 2, 2022. Then, on May 25, 2022, Defendant filed yet another Stipulation and Order for Continuance. As a result, the hearing on the instant motion was continued to July 8, 2022.

Finally, on July 8, 2022, a hearing on Defendant's Motion to Dismiss[1] was held. Defendant argued his motion, while Plaintiff conceded on the briefs. The Court then took the matter under advisement.

---

[1] The July 8, 2022, hearing was labeled as "Motion Hearing ~ to Dismiss / Motion to Amend Scheduling Order." However, after reviewing the record and seeing that Plaintiff withdrew its Motion filed on September 22, 2021—

## I. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED (GRCP 12(B)(6)).

Generally, Rule 8(a) of the Guam Rules of Civil Procedure ("GRCP") provides, in relevant part that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading*, not fact pleading." *Id.* (emphasis added); citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see* also *Taitano v. Calvo*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard," which is that "a complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, 2016 Gaum 26 ¶¶ 26 - 27; citing *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52.

Further, GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not

---

referencing "Plaintiff Unistar Property Management Corp's Motion to Amend the Scheduling Order and Motion to Amend the Complaint"—the Court will take no further action on such motion.

do." *Ukau*, 2016 Guam 26 ¶ 26; quoting *Core Tech.*, 2010 Guam 13 ¶ 52. Beyond this, the Supreme Court declines the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. See Id.* at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving part's favor." *Id.* at ¶ 51; citing *First Hawaiian Bank*, 2007 Guam 2 ¶ 9.

Here, Defendant argues dismissal for failure to state a claim for which relief can be granted on four grounds: (1) the contract was never signed by a duly authorized representative of the purchaser; (2) the use of a promise to provide a green card is illegal and renders any agreement to do so in an illegal contract; (3) there was no consideration to make a valid contract; and (4) the language of the contract does not allow for recovery of any damages pursuant to the liquidated damages clause. *See* Def's Mot. p. 2 (May 28, 2021). All of Defendant's arguments go to the validity of the contract, which is beyond what Plaintiff is required to provide under a notice pleading standard.

Instead, the notice pleading requires that Plaintiff provide a short and plain statement that is more than mere labels, conclusions, and a recitation of the elements of the cause of action. In other words, Plaintiff is only required to give Defendant fair notice of what the claim is, and the grounds upon which it rest upon. *See Erickson v. Pardus*, 551 U.S. at 93. In paragraph 6, Plaintiff sufficiently meets such a requirement as it alleges that "Defendant *breached the Purchase Agreement*, by making its promised $90,000.00 deposit to with an Escrow Holder." *See* Compl. p. 2 (May 18, 2020) (emphasis added). Then, in paragraph 11, Plaintiff repeats its cause of action by alleging "Defendant HONG YI TIAN, INC.'s failure to pay Plaintiff the $90,000.00 deposit, as liquidated damages, constitutes a *breach of contract.*" *Id.* at p. 3 (emphasis added). These allegations reflect a short and plain statement of Plaintiff's

claim—breach of contract—allegedly entitling it to relief. Therefore, in viewing the Complaint in light most favorable to Plaintiff, the Court finds that the allegations referenced above are sufficient to put Defendant on notice of the cause of action—breach of contract. At this stage of the proceedings, Plaintiff need not prove the facts in support of his claim for relief. *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27.

The Court arrives at this decision without consideration to documents outside of the Complaint. Therefore, the Court is not prompted to consider the instant motion as one for summary judgment as urged by Defendant.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendant's Motion to Dismiss.


**IT IS SO ORDERED** _____SEP 0 1 2022_____.


_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
Flynn
Gumasantaoo
Date: _____ Time: 9/1/22
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam